UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:12-CR-6-KKC-7

UNITED STATES OF AMERICA,                                                              PLAINTIFF,

V.                     **AMENDED RECOMMENDED DISPOSITION**

RENY WRIGHT,                                                                                     DEFENDANT.

     The defendant, Reny Wright, appeared before the undersigned on November 17, 2021, for a final revocation hearing on charges of violating supervised release. The charges at issue are reflected in a violation report dated November 5, 2021, reflecting three alleged violations; an addendum dated November 8, 2021; and a second addendum of November 16, 2021, charging two additional violations. At the final hearing, the defendant was present and represented by counsel. She expressed her desire to stipulate to the violations and, as a result, was placed under oath and advised of all applicable rights, including the right to remain silent, to the assistance of counsel, and to a final hearing. In addition, she was advised of the charges against her and all possible penalties, including the recommended guideline range and the applicable statutory punishment. Then, in the presence of and with the advice of counsel, she admitted to violations 1, 2, 3, 4 and 6 in a knowing, intelligent, and voluntary way. The violations have therefore been established by a preponderance of the evidence.

     **Violation #1**

          **Standard Condition #7:** **The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or paraphernalia related to any controlled substances, except as prescribed by a physician.**

1

During the final hearing of November 17, 2021, Wright admitted to her use of methamphetamine, as demonstrated by the fact that on October 6, 2021, a sweat patch was placed on her in an effort to detect and deter drug use. On October 18, 2021, the sweat patch was removed and sent to Clinical Reference Laboratory for analysis. August 25, 2021, the probation office received results confirming positive for methamphetamine. **This is a Grade C Violation**.

**Violation #2**

> **Standard Condition #9**: **The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.**

When advised of the positive result above, Wright adamantly denied any use of methamphetamine, attributing the positive result to the fact that she is around people who abuses methamphetamine and named several family members, further stating, "everybody on the creek does it," and also stating, "people who stay at her house uses it." Use of methamphetamine is a criminal act. Based on Wright's comments provided to her probation officer on October 25, 2021, regarding her associations with persons using methamphetamine puts Wright in violation of the standard condition noted. **This is a Grade C Violation**.

**Violation #3**

> **Condition of Supervision**: **You must not commit another federal, state or local crime.**
>
> **Condition of Supervision**: **You must not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.**

Methamphetamine is a Schedule II Controlled Substance pursuant to the Controlled Substances Act. Due to the defendant's prior drug conviction, and with the Sixth Circuit Court of Appeals' ruling that use is the equivalent of possession, Wright's admission to using methamphetamine is equal to simple possession of methamphetamine - conduct in violation of 21 U.S.C. § 844(a), a Class E Felony. **This is a Grade B Violation.**

**Violation #4**

> **Standard Condition #7**: **The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or paraphernalia related to any controlled substances, except as prescribed by a physician.**

On October 25, 2021, a sweat patch was placed on Wright in a continuing effort to detect and deter drug use. On November 3, 2021, the sweat patch was removed and sent to Clinical Reference Laboratory for analysis. On November 13, 2021, the probation office received results confirming positive for Oxycodone. At the final hearing on November 17,

2021, Wright admitted to the use of Oxycodone, resulting in the positive test result. **This is a Grade C Violation**.

**Violation #6**

> **Condition of Supervision**: You must not commit another federal, state or local crime.
>
> **Condition of Supervision**: You must not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

Oxycodone is a Schedule II Controlled Substance pursuant to the Controlled Substances Act. Due to the defendant's prior drug conviction, and with the Sixth Circuit Court of Appeals' ruling that use is the equivalent of possession, simple possession of Oxycodone constitutes conduct in violation of 21 U.S.C. § 844(a), a Class E Felony. In this case, at the final hearing of November 17, 2021, Wright admitted to the illegal possession of oxycodone. **This is a Grade B Violation.**

## RECOMMENDED SENTENCE

### I.

In determining the appropriate sentence in this case, the Court looks to the provisions of 18 U.S.C. § 3553(a), for guidance in recommending a sentence, properly calculated, and imposed. The statute provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentences and the sentencing ranges established...

(5) any pertinent policy statement...
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. 3553(a).

## II.

In considering the nature and circumstances of the instant offense and the Defendant's history and characteristics, the court finds the following particularly relevant.

Wright is 48 years of age. She was born in Whitesburg, Kentucky, and raised in Jenkins. Her partner, Luther Baker, is a codefendant in the underlying action.

Wright was raised in a stable environment without any abuse, and maintains a close relationship with her family members. She relates being in good physical condition, but suffers from some physical discomfort due to a prior motor vehicle accident, and an accident while operating a rock truck. She relates no history of mental or emotional health issues, although she has taken prescription medication for anxiety in the past. She relates a history of abusing prescription opiates. She graduated from high school and furthered her education by taking college level classes at Whitesburg Community College, and at Big Sandy Com m unity & Technical college in Prestonsburg. She has worked as a clerical employee and as a rock truck driver.

On April 9, 2013, she appeared before the Court for sentencing following a plea of guilty to a violation of 21 U.S.C. §846: Conspiracy to distribute oxycodone. Wright was sentenced to a period of imprisonment for sixty-three months to be followed by a seven-year term of supervised release. In addition to the Mandatory and Standard Conditions of Supervision, Special Conditions of Supervision were included, as reflected on the Judgment in a Criminal Case. She was released to supervision on June 13, 2016.

### III.

In considering the kind of sentences that are available in this action, the Court considers both the recommended guideline range and any controlling statutory penalties. Pursuant to U.S.S.G. §7B1.4(a), and in light of the charged Grade B Violations and Criminal History Category of II, the Guidelines recommend a range of imprisonment between 6-12 months in this case. The maximum authorized term of supervised release is not more than 24 months, and there is no maximum term of supervised release that can be imposed.

The defendant and the United States ask the Court to revoke Wright's supervision and impose a period of 12 months of incarceration with no supervision to follow.

In fashioning a recommendation in the case, the Court considers the information above, the fact that these violations involve the abuse of substances, and associating with others actively engaged in substance abuse. Now, to satisfy the considerations of the controlling statute, the undersigned believes that revocation of supervision and incarceration for a period of (12) twelve months is appropriate with no supervision to follow. The period of incarceration is at the high end of the recommended guidelines range and satisfies that statutory consideration of a penalty not greater than necessary to provide just punishment, afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. In addition, the undersigned will recommend that no further supervision be imposed upon release from incarceration, as no further efforts to aid Wright would assist her in making a successful transition to productive society.

### CONCLUSION

The facts upon which the Court recommends finding that the Defendant violated supervised release as established by her own admission, and therefore the violations have been proven by a preponderance of the evidence. The undersigned further recommends:

(1) That the Defendant be found guilty of violations 1, 2, 3, 4 and 6 as set out in this opinion.

(2) That the United States' motion to dismiss Violation No. 5 be Granted.

(3) That her supervision be REVOKED.

(4) That she be sentenced to a term of incarceration for 12 months with no supervision to follow.

(5) That should Wright file a waiver of allocution into the record within fourteen days evidencing the knowing, intelligent and voluntary relinquishment of her right of allocution in this action, her supervision should be revoked, and she be sentenced; and

(6) If Wright desires to exercise her right of allocution, the matter should be scheduled for a final hearing before Judge Karen Caldwell for purposes of allocution and sentencing.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed December 9, 2021.



Signed By:
*Edward B. Atkins*  *EBA*
**United States Magistrate Judge**

6